IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

EDWARD C. HANKS,
     Plaintiff,

v.

KATHY ASHCRAFT *et al.*,
     Defendants.

Case No. 3:24-cv-03051-JEH

**Order**

     Before the Court for screening is a Motion for Leave to File a Second Amended Complaint (Doc. 38) filed by Plaintiff Edward C. Hanks, an inmate at Illinois River Correctional Center. Motions for Extensions of Time have also been filed by Defendants Shana Clarkson and Zorian Trusewych (Doc. 44) and Defendants Kathy Ashcroft, Christian Spears, Jon Wessel, and the Illinois Department of Corrections ("IDOC") (Doc. 46). For the following reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint is denied, and Defendants' Motions for Extensions of Time are granted.

**I**

     In March 2024, Plaintiff filed an Amended Complaint (Doc. 12), alleging constitutional violations at Western Illinois Correctional Center. After screening the pleading, the Court determined that Plaintiff's pleading stated the following claims: (1) an Eighth Amendment deliberate indifference to serious medical needs claim against Defendants Ashcroft, Clarkson, and Trusewych; (2) a First Amendment retaliation claim against Defendants Spears and Wessel; (3) a Rehabilitation Act claim against IDOC. (Mer. Rev., Doc. 17 at 10:2.)

1

## II
### A

Plaintiff's Second Amended Complaint is before the Court for merit review under 28 U.S.C. § 1915A, which requires the Court to "screen" the pleading and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court accepts Plaintiff's factual allegations as true and construes them liberally in his favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim to relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2013)).

### B

Plaintiff's second amended pleading spans nineteen pages with an additional seventy pages of exhibits, consisting of numerous grievances and correspondences. (Pl. Sec. Amend. Compl., Doc. 38 at 1-89.) As in his amended pleading, Plaintiff realleges constitutional violations at Western Illinois Correctional Center ("WICC") against Healthcare Administrator Ashcraft, Nurse Practitioner Clarkson, Medical Director Trusewych, Corrections Officers Spears and Wessel, and IDOC as earlier mentioned. However, Plaintiff's second amended pleading seeks to add claims against Placement Officer Bright, Dietician Jody Parish, and Wexford Health Sources, Inc. ("Wexford"), which this Court had previously dismissed for failure to state a claim when screening Plaintiff's Amended Complaint. (Mer. Rev., Doc. 17 at 5-6, 9.)

## C

The Court denies Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 38).

Under Federal Rule of Civil Procedure 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A *prima facie* case of First Amendment retaliation requires a plaintiff to establish "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (quoting *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008).

Plaintiff's alleged constitutional violations against Defendants Bright, Parish, and Wexford follows a pattern of citing to grievances submitted or that were processed without elaboration, noting the date, and then alleging either a vague assertion or conclusory violation based on an event that occurred shortly thereafter. However, "[s]peculation based on suspicious timing alone . . . does not support a reasonable inference of retaliation." *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 758 (7th Cir. 2006).

For example, Plaintiff asserts that after submitting a grievance on August 23, 2023, he was assigned a cellmate. Plaintiff then claims "Defendant Bright [also] starts … acting under false information" provided by Defendant Ashcraft. (Pl. Sec. Amend. Compl., Doc 38 at 10-11:19.) Similarly, Plaintiff asserts that after submitting a grievance on January 18, 2023, Defendant Parish retaliated on January 31, 2023. (*Id.* at 12:23.) Plaintiff continues by citing a response provided to a grievance he filed, which he surmises "clearly states Wexford … is basically responsible for the delays by not supplying a medical director." (*Id.* at 14:25.)

The length of Plaintiff's second amended pleading and the vague and conclusory allegations contained therein violate the intent of Rule 8(a). A pleading filed by an inmate need not provide a lengthy account of the circumstances underlying the alleged constitutional violations. Instead, a pleading need only to specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court notes that Plaintiff has filed multiple pleadings, none of which have been dismissed for failure to state a claim for relief. Thus, the Court infers that Plaintiff can allege a claim that satisfies the intent of Rule 8, given his demonstrated knowledge of the facts in the instant case and the relaxed pleading standard afforded to *pro se* litigants. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (instructing that Courts must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers"). If Plaintiff elects to file a Third Amended Complaint, his filing shall not exceed ten pages total, shall contain his alleged constitutional violations against all Defendants, and shall not include exhibits.

4

### III

The Court grants Defendants' Motions for Extensions of Time (Docs. 44, 46). Defendants have until August 1, 2025, to respond to Plaintiff's outstanding discovery requests.

### IV

In light of the foregoing, the Court Orders as follows:

1)  Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 38) is denied.

2)  Defendants' Motions for Extensions of Time (Docs. 44, 46) are granted. Defendants have until August 1, 2025, to respond to Plaintiff's outstanding discovery requests.

*It is so ordered.*

Entered: July 21, 2025

s/Jonathan E. Hawley
U.S. District Judge

5